PICKER, Respondent, v. HAIDORN *et al.*, Appellants.

1. The admission of testimony that is merely irrelevant, and which could not have influenced the jury in forming their verdict, is no ground for the reversal of a judgment by the supreme court.

*Appeal from St. Louis Land Court.*

The facts sufficiently appear in the opinion of the court.

*Krum & Harding*, for appellants.

*I. Z. Smith*, for respondent.

EWING, Judge, delivered the opinion of the court.

This was an action by the respondent to divest the title of the heirs of William Haidorn, deceased, in a certain lot of

ground in the city of St. Louis, and vest it in the plaintiff, who claimed to be the grantee of one John Schreiber.

The petition alleges substantially that the appellants, defendants below, are the children and widow of William Haidorn, deceased; that about the 2d of January, 1844, one John Schreiber purchased of Nicholas DeMenill a lot of fifty-one feet front on Main street, by eighty feet in depth, in block forty-one; that at the time of the purchase Schreiber was largely indebted to William Haidorn, and to secure the payment of his indebtedness to Haidorn caused said lot to be conveyed to him by deed dated 2d January, 1844, executed by DeMenill and wife; that said deed is absolute on its face, but intended only as a deed of trust, to be held in trust by said Haidorn to secure him the sum of money so due him, and that said Schreiber reserved to himself the right to redeem the same upon the payment of the money due to Haidorn, a copy of which deed is filed with the petition; that it was agreed at the time between Schreiber and Haidorn that Schreiber might redeem the lot upon such payment, and that Haidorn would convey all his interest by deed in fee to Schreiber; that Schreiber paid all the consideration money for said lot to DeMenill that was to be paid at that time, and for the balance of the purchase money Haidorn executed his note of even date with the deed for $733.83, payable in eight months, secured by deed of trust by Haidorn to De-Menill's trustee; that no part of said note was paid by Haidorn, but that part of the same was paid by Schreiber and the balance by plaintiff, and that all the purchase money has been paid; that Haidorn paid no part of the purchase money, and had no other interest than that of a mortgagee; that before the 1st January, 1853, Schreiber paid Haidorn all the money he owed him and all that said conveyance was made to secure, and that Haidorn failed to make such conveyance; that Schreiber took possession of the lot and exercised all acts of ownership, and expended to the amount of one thousand dollars in improving the lot, rented out the lot and buildings erected by him, and received the rents and

paid the taxes — all with the knowledge and consent of Haidorn, without accounting to him; that he so remained in possession exercising ownership until Haidorn's death in July, 1853, and continued in possession and ownership until October, 1853, when he conveyed all his interest to the plaintiff by deed of that date; that when the lot was conveyed to plaintiff he took possession and placed tenants in it who paid him rent, and that his tenants still occupy it; that plaintiff also improved the lot and paid general taxes and a special tax of nine hundred and eighty-four dollars on the lot.

The defendants put in a formal answer denying all the allegations in the petition. The court directed the following issues to be tried by the jury: 1. Whether Schreiber procured the deed of DeMenill and wife of January 2, 1844, to be made to Haidorn in order to secure to him the payment of a debt which he (Schreiber) then owed Haidorn. 2. If the jury find that the deed was so made, then whether the debt so secured by said deed has been fully paid.

The petition does not allege any specific amount of indebtedness from Schreiber to Haidorn, and the transactions out of which it seems to have arisen were through a course of several years of mutual dealings between the parties; and the evidence bearing upon the question of payment consists, for the most part, of admissions by Haidorn and various facts and circumstances, rather than any direct evidence.

The purchase of the property from DeMenill, the conveyance to Haidorn, and the deed of trust by the latter to DeMenill, were all in 1844. Schreiber remained in possession after the deed was made, and continued to hold it as long as Haidorn lived, and afterwards until he (Schreiber) sold to plaintiff in 1853, who also entered into and still holds possession. It appears from DeMenill's testimony that the whole of the consideration of the deed from him to Haidorn had been paid by Schreiber, and the most of it in work. Haidorn, it appears, was a blacksmith, and did the work of Schreiber in that line for a number of years, from 1839 or '40 to 1846, or thereabouts; and there was evidence relating

to settlements between them during this period. There was evidence also of Schreiber's indebtedness to Haidorn in 1846 or 1847 for money loaned, which was to have been paid by a deed of the Gravois property. It also appears that in in 1848 Schreiber conveyed a farm on the Gravois road to Haidorn for the consideration of five thousand dollars, which was subject to an encumbrance of some twelve thousand dollars, and which, as stated by one of the defendant's witnesses, was worth at the time of the sale from three to five thousand dollars over the mortgage by which it was encumbered. There was evidence of Haidorn's admissions in 1848 that the debt owing by Schreiber was settled when he (Haidorn) took a conveyance of the farm on the Gravois road, and of his willingness, after he had received the conveyance and taken possession of the farm, to execute to Schreiber a deed of release to the property in controversy.

Exceptions were taken to the ruling of the court in excluding and admitting evidence on the trial; and first, in admitting evidence relating to the possession of the property by Schreiber, receipt of rents, making improvements, paying taxes; and that in his settlement with Haidorn no account was taken of these things. Such acts are usually certainly indicative of ownership in fee, and in themselves considered would tend to prove that Haidorn had no claim to the property in controversy. If it be assumed, however, that the fact of a mortgage had been established by other evidence, it may be conceded that these acts are not necessarily inconsistent with the relation of mortgagor (in possession) and mortgagee; and, although in this view not strictly relevant to the issue of payment, we can not see how the jury could have been misled or the defendant prejudiced by this evidence. In our view of the facts, upon a careful examination of all the evidence, we are of opinion the evidence objected to could have had no influence upon the jury in forming their conclusion, and that the verdict would not have been different had it been altogether excluded.

The ruling of the court in excluding the deed of trust

from Haidorn to Miller, as trustee of Miller, dated in 1853, is also assigned for error. The deed of Schreiber to Haidorn of 1848 was read on the part of the plaintiff without objection, and if it were good evidence for any purpose it tended to prove a satisfaction of the indebtedness from Schreiber to Haidorn, which was secured by the deed from DeMenill to him in 1844; and if so, the deed of trust of 1853, offered by the appellants, was obviously inadmissible; for it was conceded that the Gravois farm was encumbered to the amount of some twelve thousand dollars, and it is not pretended that this fact was unknown to Haidorn when he purchased it. What object could Haidorn have had in buying the farm and assuming the debt with which it was already encumbered, if nothing was to be realized after satisfying or discharging the liens. The question, however, was not what the *value* of the farm was, after paying the encumbrance for which it was liable; or whether Haidorn made a good or a bad bargain in buying it; or what *part* of Schreiber's indebtedness was discharged by this conveyance. There was evidence tending to show that the parties considered this conveyance a satisfaction of the debt and mortgage; that after it had been executed and Haidorn had taken possession under it, he considered the accounts between the parties settled and recognized Schreiber's right to a release of the property sued for, and it was therefore unimportant to go into an inquiry as to the real value of the farm as compared with the price it was sold for. Besides, the deed of trust offered in evidence was given four or five years after the conveyance of the farm to Haidorn by Schrieber, and purports to secure an amount larger than the encumbrance at the time of the sale, which was owing probably to an accumulation of interest in the mean time. It is urged here as a reason for admitting this deed that the Gravois property was involved in doubt, and was encumbered to a large amount, which Haidorn assumed; that this deed was made by Haidorn to secure the debt, and that it would have tended to prove that he (Haidorn) paid and assumed to pay for that property all

that it was worth, and thus rebut the presumption that any part of Schreiber's indebtedness to him by the deed of 1844 was canceled by that transaction. It is not reasonable to conclude that Haidorn would have taken a conveyance of the property if he knew it to have been encumbered for its full value simply for the purpose of discharging this encumbrance, and of incurring the trouble and expense incident to it, without the expectation of deriving any benefit from it. Besides, the argument is inconsistent with the transaction as the parties themselves viewed it, as the testimony in the case discloses it, especially that of Klein and Koezle ; for Klein states that Haidorn admitted in 1848, after the conveyance was made of the Gravois property, that it was a settlement of the indebtedness ; and Hoezle swears that Haidorn bought the farm for five thousand dollars. This is also corroborated by Wenger, one of defendant's witnesses, who says the farm was worth from three to five thousand dollars more than the amount for which it was mortgaged.

The refusal of the court to give the two last instructions asked by the appellants is assigned for error. These instructions are embraced substantially in those given. There were but two questions to be determined, and which were submitted to the jury in the issues directed by the court, namely : First, whether Schreiber procured the deed from DeMenill to Haidorn to be executed for the purpose of securing the debt due from Schreiber to Haidorn ; and second, whether, if so, said indebtedness was fully discharged. These points are fully and clearly presented to the jury in the instructions given by the court at the instance of the plaintiff and defendants, and obviously exclude from their consideration any indebtedness incurred by Schreiber subsequent to the deed of 1844 ; for the jury are told, there can be no recovery by the plaintiff unless they find that the debt for which the deed in question was given to secure was fully paid by Schreiber ; thus clearly throwing out of view any subsequent debt, as if it had been expressly negatived as in the terms of the instructions refused.

It is further objected to the phraseology of one of the instructions given, that the precise amount of the debt owing was immaterial, provided the jury were satisfied the indebtedness, whatever it may have been, was fully paid. The objection assumes that there could be no proof of the payment of an indebtedness without first ascertaining the existence of a debt of a specific sum, and that a fact material to the issue was thus withdrawn from the jury. There was only a formal answer to the petition, denying all knowledge of the truth of its allegations, and no specific sum or debt was mentioned in the petition, or claimed to be due to the defendants in their answer. Whether the debt was large or small was quite immaterial to the issue, provided the sum, whatever it may have been, was paid. This was the issue submitted to the jury, was one of the two material facts to be determined, and the plaintiff was not held by the pleadings to any more precise proof than this. If a creditor admits he has been paid all the debtor owes him, or if this is shown by facts and circumstances, although there is no evidence of how many dollars the debt consisted, it could scarcely be said such proof would be insufficient to discharge the claim, or that to give it such effect the precise sum must first be ascertained.

Judgment affirmed; the other judges concurring.